UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOHNNIE JONES-GUNN, <br><br> Defendant. | CAUSE NO. 3:21-CR-49 DRL-MGG |

SENTENCING MEMORANDUM

In March 2021, law enforcement witnessed a speeding car driven by Johnnie Jones-Gunn. The officer activated his emergency lights, and Mr. Jones-Gunn led a short pursuit into a neighborhood where he fled into a residence. He later surrendered, with a firearm in the vehicle. He pleaded guilty to unlawfully possessing a firearm as a felon. *See* 18 U.S.C. § 922(g)(1).

SENTENCING GUIDELINES

The court must first calculate the guideline sentence correctly, then decide what sentence is right and reasonable for this defendant. *Nelson v. United States*, 555 U.S. 350, 351 (2009); *United States v. Schmidt*, 930 F.3d 858, 862 (7th Cir. 2019). The 2021 sentencing guidelines apply (reprinting 2018). *See Peugh v. United States*, 569 U.S. 530, 531 (2013); U.S.S.G. § 1B1.11. Neither party objected to the presentence investigation report (as amended), so the court adopts ¶¶ 1-121 as its findings.

Mr. Jones-Gunn starts at level 20 because he was a prohibited person when he possessed a semiautomatic firearm that could accept a large-capacity magazine. U.S.S.G. §§ 2K2.1(a)(4)(B)(i)(I), (a)(4)(B)(ii)(I). The firearm was stolen, which adds two levels. U.S.S.G. § 2K2.1(b)(4). His clear and timely acceptance of responsibility reduces his offense level to level 19. U.S.S.G. §§ 3E1.1(a), (b).

The sentencing guidelines assess eleven criminal history points against Mr. Jones-Gunn. These eleven points place him in criminal history category V. U.S.S.G. chap. 5A. There the guidelines

recommend a sentencing range of 57-71 months, U.S.S.G. chap. 5A, below the statutory maximum of ten years (120 months), 18 U.S.C. §§ 922(g)(1), 924(a)(2).[1]

## DISCUSSION

The court decides the sentence under 18 U.S.C. § 3553(a) and *Booker v. United States*, 543 U.S. 220 (2005). Turning to the statutory factors, the court must arrive at a reasonable sentence: one sufficient but not greater than necessary to satisfy the statute's purposes. 18 U.S.C. § 3553(a).

Law enforcement found this firearm in the vehicle's trunk. Though Mr. Jones-Gunn never brandished or fired it, nor was it readily accessible for quick use, it was stolen and had a high-capacity magazine. It was also loaded with seventeen rounds with another in the chamber. As such, this firearm posed a special threat to our community. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(A); *see, e.g.*, *United States v. Schnell*, 982 F.2d 216, 220-21 (7th Cir. 1992).

Mr. Jones-Gunn mixed in illegal drugs, including crack cocaine, albeit user amounts. He ostensibly purchased both the drugs and firearm that day while in Michigan. He readily admitted to his possession of both. The interstate purchase and transportation of both the firearm and drugs endangered more than just the local community, thereby aggravating this offense. Drugs and firearms are a uniquely dangerous marriage, particularly when paired with a firearm of this nature. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(A).

The risks attendant to Mr. Jones-Gunn's flight also prove aggravating. He gambled the public welfare and led law enforcement on a two-minute vehicle pursuit (not at high speed and late at night with few cars) during which he made four U-turns, crossed the highway median, passed through a gas station, and drove on the wrong side of the road; he then fled on foot into a residence despite being

---

[1] Under the Bipartisan Safer Communities Act, Pub. L. No. 117-159, 136 Stat. 1313 (2022), the increased statutory maximum within 18 U.S.C. § 924(a)(8) for § 922(g)(1) crimes, effective June 25, 2022, doesn't apply to Mr. Jones-Gunn. *See* U.S. Const. art. 1, § 9, cl. 3; *Peugh*, 569 U.S. at 538-39 (citing *Carmell v. Texas*, 529 U.S. 513, 521-25 (2000)); *Johnson v. United States*, 529 U.S. 694, 699 (2000).

2

ordered to the ground at gunpoint. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(C), (a)(5); *cf.* U.S.S.G. § 3C1.2. The officer acted with restraint. For the law's interest in protecting officers, protecting citizens, and reducing officer-involved shootings, this conduct exacerbates, not lessens, the risks. *See* 18 U.S.C. §§ 3553(a)(2)(B), (a)(2)(C).

His history echoes today's concerns. He has a previous conviction in 2017 for resisting law enforcement. He also has a previous firearm conviction from 2017. He only had been released from parole on September 10, 2020, when he committed this next firearm offense a mere six months later. Once more the court must address firearms and flight, so his record trends toward the rule rather than the exception when it comes to the already too high risk of recidivism for firearm offenders. *See* United States Sent. Comm'n (USSC), *Recidivism of Federal Firearms Offenders Released in 2010* 6, 39 (2021) (69 percent rearrest rate for firearm offenders generally, but over 82 percent for those in CHC V).

He faces state charges for a third firearms offense. A shooting occurred May 10, 2021—but two months after this federal offense. To be clear, Mr. Jones-Gunn has not been convicted, though a victim told law enforcement that Mr. Jones-Gunn shot him, Mr. Jones-Gunn's vehicle had blood in the driver's seat, four spent shell casings sat at the driver's floorboard, and Mr. Jones-Gunn reported to the hospital with a gunshot wound of his own. Whether he violated state law as charged or not, on this record his association with firearms wasn't merely being in the wrong place at the wrong time. He was a convicted felon this night too. *See* 18 U.S.C. § 3553(a)(1); *United States v. Delarosa*, 849 F. Appx. 159, 160 (7th Cir. 2021); *United States v. Holton*, 873 F.3d 589, 591-92 (7th Cir. 2017).

Prison terms, even as high as four years, have been momentary pauses and inconveniences rather than pivotal moments of reflection and reformation as Mr. Jones-Gunn accumulated eleven criminal history points from 2009 to 2021. *See* 18 U.S.C. § 3553(a)(1). Parole violations have been mainstay, with further disregard for the law rather than seizing the grace of prison alternatives. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B); *Berman v. United States*, 302 U.S. 211, 213 (1937). With this level of

3

criminal persistence and danger to the public, and no indication of slowing down, incapacitating Mr. Jones-Gunn becomes a more paramount goal. *See* 18 U.S.C. §§ 3553(a)(2)(B), (a)(2)(C).

Though only an initial benchmark, *Gall v. United States*, 552 U.S. 38, 50 (2007); *Rita v. United States*, 551 U.S. 338, 351 (2007), a guideline sentence tends to militate against unwarranted sentencing disparities for defendants who have similar records and who have committed this particular crime—one that provides a deep bench for comparison to foster more uniformity because this crime is frequently charged in federal court, including in this district, *see* 18 U.S.C. § 3553(a)(6); *United States v. Boscarino*, 437 F.3d 634, 637-38 (7th Cir. 2006); *see, e.g.*, *United States v. Peaks*, No. 3:20cr58, ECF 50 (N.D. Ind. Jan. 13, 2022). Today's sentence accounts for this record's aggravating factors.

At age 31, Mr. Jones-Gunn obtained his GED while incarcerated and took some auto-mechanics courses at a community college. *See* 18 U.S.C. § 3553(a)(1). He held steady and good paying jobs for over two years, though that waned after 2020. He actively used drugs. Drug use rarely occurs in a vacuum. His relationship with an abusive father was understandably strained. Violence within and outside the home, witnessed and suffered, forever impacts a young man. A devoted mother, a supportive fiancé, and three young children offer reasons for a different life, even when they haven't been a deterrent to date. Mr. Jones-Gunn knows all too well the importance of a father's role in a child's life and has the ability to choose prudently on release knowing that a life of crime isn't a fair exchange for his presence with his family or their presence with him. Mr. Jones-Gunn apologized for his actions. *See, e.g.*, *United States v. Griffin*, 521 F.3d 727, 731 (7th Cir. 2008).

Review of all 18 U.S.C. § 3553(a) factors persuades the court that, given the need for the sentence to reflect the seriousness of this offense, to provide just punishment and to promote respect for the law, to deter future such crimes, to protect the public, and given the range recommended by the guidelines and this defendant's history and characteristics, a sentence of 68 months of imprisonment is sufficient but not greater than necessary to satisfy federal sentencing goals.

The court may impose a supervised release term of not more than 3 years. 18 U.S.C. § 3583(b)(2); *see also* U.S.S.G. § 5D1.2(a)(2) (recommending 1-3 years). A term of 2 years is appropriate. Mr. Jones-Gunn's record exhibits a lack of compliance during past supervision, so the court is of the view that steady supervision after his sentence will be required.

Mr. Jones-Gunn can't pay the fines recommended by the guidelines even if afforded the most generous of installment payment schedules, so the court imposes no fine. A special assessment of $100.00 is mandatory. 18 U.S.C. § 3013(a)(2)(A).

SENTENCE

Accordingly, it is the court's judgment that the defendant, Johnnie Jones-Gunn, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a total term of 68 months. Under 18 U.S.C. § 3585, the court leaves it to the Bureau of Prisons to determine the appropriate amount of time served to be credited toward the defendant's sentence.

The court recommends that the Bureau of Prisons designate as the place of the defendant's confinement, consistent with his security classification as determined by the Bureau of Prisons, a facility where he may be located as reasonably close as possible to South Bend, Indiana.

Upon release from prison, the defendant will be placed on supervised release for a term of 2 years. While on supervised release, he must comply with the terms of supervision set forth in ¶¶ 122-132 of the presentence report, which paragraphs the court incorporates as part of this sentence having made an independent judgment that they should be imposed under 18 U.S.C. § 3583(d). The defendant expressly waived reading in open court of these supervisory conditions.

The court imposes no fine. The defendant must pay to the United States a special assessment of $100.00, which is due immediately.

SO ORDERED.

August 15, 2022

*s/ Damon R. Leichty*
Judge, United States District Court

cc: J. Jones-Gunn